## DELGADO, APPELLANT, v. THE REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Voluntary Mortgage.

No. 211.—Decided February 19, 1915.

INDIVIDUAL PROPERTY — CONJUGAL PARTNERSHIP — STATEMENT OF INTERESTED PARTY.—The mere statement of one interested party is not sufficient to prove that a particular piece of property is the sole and separate property of one of the spouses and not of the conjugal partnership.

COMMUNITY PROPERTY—POSSESSORY TITLE PROCEEDINGS—PRESUMPTION.—The presumption that property acquired during wedlock belongs to the conjugal partnership cannot be rebutted in a possessory title proceeding prosecuted by only one of the spouses.

RES INTER ALIOS ACTA.—The acts of one spouse are *res inter alios acta* and can have no binding effect as regards the rights of the other spouse.

COMMUNITY PROPERTY — INDIVIDUAL PROPERTY — EVIDENCE — POSSESSORY TITLE PROCEEDINGS.—According to the Mortgage Law, the testimony of witnesses in a possessory title proceeding brought by only one of the spouses has no value as evidence to show whether the property in question is ganancial property or the individual property of the petitioning spouse.

MORTGAGE—PRIOR RECORD—MISTAKE OF REGISTRAR.—The mistake of a registrar in unduly recording a mortgage previously executed is not binding on him or on his successor when another mortgage on the same property is presented for admission to record.

AFFIDAVIT—INDIVIDUAL PROPERTY.—The primary object of an affidavit is for court purposes and for other purposes when expressly permitted by law. There is no authority for the use of an affidavit to show the separate character of a piece of property.

ID.—DEED—CONVEYANCE.—For the transfer of the dominion of real estate an affidavit is not equivalent to a public deed under article 3 of the Mortgage Law.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

Mr. Lorenzo Giménez García, acting registrar, did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This appeal from the Registrar of Caguas raises the question of the sufficiency of certain alleged evidence to prove that a particular piece of land was the sole and separate property of a husband and was not community property, the record being refused for the alleged lack of such evidence. It

has been decided frequently that the mere statement of the interested party is not enough. Here, however, the appellant alleged that the individual ownership of the land of Valentín Díaz y Serrano, the husband, is shown not only by entries already made in the registry, but also by the affidavit of his wife.

The first entry to which the appellant refers is the declaration of possession made in favor of Valentín Díaz y Serrano by virtue of the possessory right to the land in question (*expediente posesorio*) which was instituted by him while married and approved by the Municipal Judge of Caguas. Therein it is shown that the husband and two of the neighboring landowners testified before the municipal judge that the husband had acquired the property by inheritance, partly from his mother and partly from his grandmother. The municipal judge issued the desired certificate. Paragraph third of article 391 of the Mortgage Law, with regard to the testimony of witnesses in a possessory proceeding, provides as follows:

"Article 391.—   *   *   *.

"*Third.* The witnesses shall prove that they have the qualifications mentioned in the preceding rule, presenting the document necessary for this purpose.

"They shall limit their testimony to the statement that the person who instituted the proceedings possesses the estates in his own name, and to the time of said possession, and they shall be responsible for any damage they may cause by the inaccuracy of their depositions."

The appellant maintains that this article does not limit the witnesses to the bare statement of the fact of petitioner's possession, but we think it does. The object of the proceeding is simply to accredit the possessory title in the petitioner. The presumption that property acquired during marriage is common cannot be rebutted by a proceeding in which the wife plays no part and in which the avowed object is to accredit the possession. Such possession may be declared in

one or the other of the conjugal partners, no matter whether the ownership is common or separate. The jurisdiction of the magistrate does not extend beyond the declaring of the title by possession. So far as the rights of the other partner are concerned, the action of a petitioner is *res inter alios acta* and can have no binding effect. There is no cross examination of the witnesses and the mind of the municipal judge is only directed to the proof of possession. The question of the separate ownership of the land could not be, and was not, submitted to the municipal judge. The statements of the witnesses so made have no value as evidence under the Mortgage Law as to whether the property was ganancial or not. The cases of *Despres* v. *The Registrar,* 14 P. R. R., 603, and *Boscio* v. *The Registrar,* 14 P. R. R., 605, cited by the registrar, support these conclusions. The particular deed offered for record is a mortgage to the appellant. He maintains that a previous mortgage made by Valentín Díaz y Serrano was recorded by a former registrar upon the same property as the separate property of said Valentín Díaz y Serrano. That former deed is not before us, and if a registrar made a mistake, his action is not binding on himself or his successors when another mortgage deed is presented. The undue record of a previous deed is not evidence of the sole and separate character of property.

The note of the registrar, in terms, based his refusal to record on the fact that the entry being by virtue of a possessory certificate, the said Valentín Díaz Serrano had no right to mortgage without the consent of his wife and that the affidavit of the latter, given its nature, was insufficient.

In the case of *Successors of Andreu & Co.* v. *The Registrar,* 20 P. R. R., 421, this court decided that an affidavit is primarily for court purposes, and for other purposes when expressly permitted by the law. There is no authority for the use of an affidavit to show the separate character of a piece of property. Article 3 of the Mortgage Law requires that to record a title to real estate the act transferring the domin-

ion should be a public deed or other judicial or governmental public document. We considered the nature of this article in the case just cited.' It is evident that an affidavit is not equivalent to a public deed.

The note of the registrar must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.